United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

For the Fifth Circuit

No. 04-40303

In re VOLKSWAGEN AG; VOLKSWAGEN OF AMERICA, INC.,

Petitioners,

Petition for Writ of Mandamus to the United States
District Court for the
Eastern District of Texas, Marshall

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

For the reasons more particularly set forth hereinafter,

IT IS ORDERED that the petition for writ of mandamus is **GRANTED**.

IT IS FURTHER ORDERED that Petitioners' motion (i) to VACATE the order of the United States District Court for the Eastern District of Texas dated February 18, 2004, denying Volkswagen's motion to transfer venue, and (ii) to REMAND this case to the District Court with instructions to transfer this case to the San Antonio Division of the United States District Court for the Western District of Texas is **GRANTED**.

## BACKGROUND

On July 24, 2001, Matthew Fuentes was operating a Toyota truck with the permission of the owner of that truck, Carol Morrow.

Fuentes was proceeding southbound on N.W. Military Highway, a four-lane highway in San Antonio, Texas, which is in the Western District of Texas. Because he was intoxicated at the time, Fuentes allowed his truck to veer off to the right side of his portion of the highway and then swerved radically back to the left across both lanes of his portion of the highway and into the portion of the highway for northbound traffic where the truck collided with a Volkswagen passenger vehicle being driven by Jennifer Anne Scott, causing Scott to suffer serious injury. Subsequent to this collision, Fuentes was convicted of intoxication assault, see TEX. PEN. CODE ANN. § 49.07 (Vernon 2004), for his role in the collision and is currently incarcerated in a jail in San Antonio, Texas.

On June 9, 2003, Jette Scott, individually and as guardian of Jennifer Scott, an incapacitated adult who is her daughter (hereinafter "Plaintiffs"), filed suit in the Marshall Division of the United States District Court for the Eastern District of Texas against Volkswagen AG, a foreign corporation organized under the laws of Germany ("VAG"), and Volkswagen of America, Inc., a corporation organized under the laws of the State of New Jersey ("VoAI") (collectively, "Volkswagen Defendants"), asserting that the injuries sustained by Jennifer Scott on July 24, 2001, were sustained because the Volkswagen vehicle which she was driving was "not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents" and that such

vehicle was "unreasonably dangerous as designed, manufactured, assembled, marketed and tested."

On August 20, 2003, VoAI answered Plaintiffs' petition and moved the Eastern District Court for permission to file its original third-party complaint against Fuentes and Morrow, alleging that "although both Fuentes and Morrow may be liable for all or part of the damages [P]laintiffs seek to recover from VoAI, [P]laintiffs have not sued either of these individuals." Thereafter, VoAI filed a motion seeking to join Fuentes and Morrow as responsible Third-Party Defendants pursuant to Texas Civil Practices & Remedies Code, Chapter 33.004.  The Eastern District Court, on September 30, 2003, issued an order granting VoAI's motion to join Fuentes and Morrow as responsible third-parties; and on October 28, 2003, VAG and VoAI filed a motion with supporting memorandum to transfer venue to the San Antonio Division of the United States District Court for the Western District of Texas, pursuant to the provisions of 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  On February 18, 2004, the Eastern District Court entered an order denying VoAI's motion to change venue to the San Antonio Division of the Western District of Texas.

Volkswagen filed a petition for a writ of mandamus with this

3

Court on March 16, 2004.

## ANALYSIS

This Court will issue a writ of mandamus to correct a denial of a 28 U.S.C. § 1404(a) motion to transfer venue if the district court failed to correctly construe and apply the relevant statute, or to consider the relevant factors incident to ruling upon the motion, or otherwise abused its discretion in deciding the motion. Castanho v. Jackson Marine, Inc., 650 F.2d 546, 550 (5th Cir. 1981). We review all questions concerning venue under the abuse of discretion standard. United States v. Asibor, 109 F.3d 1023, 1037 (5th Cir. 1997). This Court recently enumerated the appropriate Pfizer standards[1] for deciding the propriety of a district court's ruling on a motion to transfer under § 1404(a), which include:

- a.) Did the district court correctly construe and apply the relevant statutes;
- b.) Did the district court consider the relevant factors incident to ruling upon a motion to transfer; and
- c.) Did the district court abuse its discretion in deciding the motion to transfer.

In re Horseshoe Entm't, 337 F.3d 429, 432 (5th Cir.) cert. denied, 124 U.S. 826 (2003).

In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. Id. at 433. The Eastern

---

[1] Ex Parte Chas. Pfizer & Co., 225 F.2d 720 (5th Cir. 1955).

4

District Court did not make any determination as to this factor, but we conclude that the San Antonio Division of the Western District of Texas would have been an appropriate venue for plaintiffs' products liability suit against the Volkswagen Defendants and likewise for VoAI's third-party complaint against Fuentes and Morrow because jurisdiction would have been supportable in each claim on the basis of diversity of citizenship, and venue in the San Antonio Division of the Western District would have been supportable on the grounds that it was the place where the accident occurred and was also the residence of the two personal defendants in the third-party action. See 28 U.S.C. §§ 1332 and 1391. There is, therefore, no question in our mind that the San Antonio Division of the Western District satisfies the requirement of § 1404(a), i.e., that it would have been a place where the claims could have been originally filed.

In making a determination of whether a motion to transfer venue is proper, we turn to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) (citing Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns

include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Id.

As a general matter, the Eastern District Court abused its discretion in determining that the only "parties and witnesses" who needed to be considered were the parties and witnesses involved in Plaintiffs' products liability claim against the Volkswagen Defendants. There is clearly nothing in § 1404(a) which limits the application of the terms "parties" and "witnesses" to those involved in an original complaint. Given the broad generic applicability of the term "parties" and the term "witnesses," such terms contemplate consideration of the parties and witnesses in all claims and controversies properly joined in a proceeding. There is no question that the Eastern District Court was correct in permitting VoAI to bring the third-party claims under the relevant Texas statutes against Fuentes and Morrow; but Fuentes and Morrow

6

thereby became "parties" whose convenience should be assessed on VoAI's motion to transfer;[2] and the witnesses whom the Volkswagen Defendants contemplate would testify in support of its claim for contribution and/or indemnity against Fuentes and Morrow would certainly become "witnesses" whose convenience should be assessed in deciding the motion to transfer.  The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be. Ferens v. John Deere Co., 494 U.S. 516, 530 (1990).

Plaintiffs' claim is derived from and based upon Texas law; but, VoAI's claim to require Fuentes and Morrow to be brought in as responsible parties and to seek a jury determination as to proportionate responsibility is similarly derived from Texas statutory law and is of equal dignity and import as Plaintiffs' claim.  Surely, Fuentes and Morrow are "parties" whose convenience should have been evaluated by the Eastern District Court.  Similarly, the numerous fact witnesses, including San Antonio policemen, San Antonio emergency medical personnel, San Antonio

---

[2] The docket indicates that neither Fuentes nor Morrow filed any motions in the district court in response to Volkswagen's transfer motion.  Counsel for Fuentes and Morrow did communicate with this court in a letter dated March 24, 2004, in which they stated that they would not be filing any motions with regard to Volkswagen's petition for mandamus because they "are in agreement with Volkswagen's arguments as set forth in its petition."

7

hospital personnel, San Antonio treating physicians, and several eyewitnesses and other persons who assisted at the collision scene — all of whom live in and around the San Antonio metropolitan area — should have been considered as "witnesses" whose convenience would be substantially improved by a trial of these claims in San Antonio rather than in Marshall, Texas. The distance traveling by car between Marshall, Texas, and San Antonio, Texas, is approximately 390-400 miles.[3] When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.[4] Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment. Furthermore, the task of

---

[3] Moreover, there are no direct flights between San Antonio and Marshall. The city nearest to Marshall for purposes of traveling from San Antonio is Shreveport, Louisiana. There is, however, no direct service between San Antonio and Shreveport, thereby requiring passengers to make a stop either in Dallas/Fort Worth or Houston, which comprises a total air travel time of at least two and a half hours, in addition to the 40 mile drive from Shreveport to Marshall.

[4] We observe here that non-party witnesses in the third-party action who are located in San Antonio are outside the Eastern District's subpoena power for deposition under FED. R. CIV. P. 45(c)(3)(A)(ii), and trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under FED. R. CIV. P. 45(c)(3).

scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour. See FED. R. CIV. P. 45(c)(1).

In its order of February 18, 2004, the Eastern District Court expressly states that the case involves a "products liability action aris[ing] out of a vehicle accident in San Antonio, Texas." But instead of recognizing: (1) the relevance and materiality of the testimony from numerous non-party fact witnesses identified in VoAI's transfer motion upon whose testimony a jury would make its ultimate determination as to proportionate responsibility under the relevant Texas statutes; and (2) the obvious conclusion that it would be more convenient for these witnesses to testify in San Antonio rather than in Marshall, Texas, the Eastern District Court rationalized its non-consideration of the convenience of these witnesses with the statement that: "In a products liability suit like this one, it is questionable just how many witnesses to the accident itself would be necessary for the trial of this case." Instead, the Eastern District Court concluded that the "main issue concerns the design and manufacture of the vehicle," thus the only witnesses of relevance would be expert witnesses and the Volkswagen Defendants's company representatives, for whom it would be "just as

9

easy" "to travel from Germany and other parts of the United States to Marshall as it is to travel to San Antonio." In doing so, the Eastern District Court failed to properly construe and apply § 1404(a) because it did not consider in its analysis the convenience of the third-party defendants Fuentes and Morrow or the witnesses associated with VoAI's third-party complaint.

The Eastern District Court also based its decision in part on its finding that "the place of the alleged wrong is the design shop and factory in Germany where the product was designed and manufactured, not the site of the accident." While that premise may have been true at the initial stage of this proceeding, once the Eastern District Court permitted the Volkswagen Defendants to join Fuentes and Morrow as third-party defendants, it was obligated to recognize the changed nature of the lawsuit. In other words, it was incumbent upon the Eastern District Court to consider that the site of the accident, i.e., the Western District of Texas, became a relevant factor as soon as Fuentes and Morrow were made a part of the case. By failing to consider in its calculus the situs of the accident as it related to the Volkswagen Defendants' third-party claim against Fuentes and Morrow, the Eastern District Court abused its discretion.

Likewise, in its order, the Eastern District Court states that the "citizens and jurors of the Eastern District of Texas have as significant an interest in the resolution of this action as do the

10

citizens and jurors of the Western District of Texas." Again, while this statement may have been supportable initially, with the addition of Fuentes and Morrow as responsible third parties, the "local interest in having localized interests decided at home," Piper Aircraft, 454 U.S. at 241 n.6, weighs heavily in favor of the Western District of Texas. Both Plaintiffs and Third-Party Defendants reside in the San Antonio area, the locale of the accident. In addition, the accident produced a wide array of witnesses who either reside or are employed in San Antonio. The Supreme Court has determined that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947). Plaintiffs have failed to demonstrate and the Eastern District Court has failed to explain how the citizens of the Eastern District of Texas, where there is no factual connection with the events of this case, have more of a localized interest in adjudicating this proceeding than the citizens of the Western District of Texas, where the accident occurred and where the entirety of the witnesses for the third-party complaint can be located. Arguably, if Plaintiffs had alleged that the Volkswagen vehicle was purchased from a Volkswagen dealer in Marshall, Texas, the people of that community might have had some relation, although attenuated, to this litigation; but as it stands, there is absolutely nothing in this record to indicate that the people of

11

Marshall, or even the Eastern District of Texas, have any meaningful connection or relationship with the circumstances of these claims.

We also conclude that the Eastern District Court reversibly erred in considering a factor that is not part of the § 1404(a) analysis. Specifically, in its order the district court considers that counsel for both parties are located in Dallas, Texas. The word "counsel" does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a). <u>In re Horseshoe</u>, 337 F.3d at 434 (finding that the "factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"). Similar to the facts in <u>In re Horseshoe</u>, neither the plaintiffs nor the Eastern District Court favors us with "a citation to any Supreme Court or Circuit Court decision recognizing the appropriateness of this factor nor have they cited any statutory text or any legislative history indicating the intention of Congress that such a factor be considered in deciding a motion to transfer." <u>Id.</u> As such, the Eastern District Court's reliance on the location of counsel as a factor to be considered in determining the propriety of a motion to transfer venue was an abuse of discretion.

## CONCLUSION

Having carefully reviewed the parties' respective briefing,

12

and for the reasons set forth above, we find that the Eastern District Court abused its discretion in denying the Volkswagen Defendants' motion to transfer venue. Accordingly, we GRANT Petitioners' writ of mandamus and thereby VACATE the Eastern District Court's order and REMAND this case to the Eastern District Court with instructions to transfer this case to the San Antonio Division of the United States District Court for the Western District of Texas.

13

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit

By _Kristi Caudell_ 5/19/04
Deputy

New Orleans, Louisiana